J-S31026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARRETT HUNTER HEIN | : | |
| | : | |
| Appellant | : | No. 3053 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 19, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0000491-2022

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:　　　　　　**FILED SEPTEMBER 29, 2023**

Appellant, Jarrett Hunter Hein, appeals from the judgment of sentence imposed on July 19, 2022 in the Court of Common Pleas of Lehigh County following Appellant's open guilty plea to one count of voluntary manslaughter—unreasonable belief.　18 Pa.C.S.A. § 2503(b).　Appellant contends that the trial court imposed a manifestly unreasonable sentence of six to 15 years in prison.　Appellant's counsel seeks permission to withdraw and has filed an **_Anders_**[1] brief in which he sets forth his determination, "after a conscientious review, that this Appeal and the issues presented herein are frivolous."　**_Anders_** Brief at 7.　Following review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).　**_See also Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

Our review of the record reveals that Appellant entered an open guilty plea on March 28, 2022 after admitting that he fatally shot Travorious Gudger ("Gudger").  Gudger was interested in purchasing a .357 Magnum revolver that Appellant listed for sale on a website.  On the evening of December 9, 2021, Appellant met with Gudger at a Wawa in Fountain Hill, not to consummate the sale of the gun, but rather so Gudger could look at the gun before purchasing it the following day through a licensed gun dealer.

When Appellant handed the unloaded gun to Gudger, Gudger began to look at it and asked about ammunition.  Appellant responded that Gudger could get ammunition from the gun dealer at the time of the sale.  At that point, Gudger turned around and started running away.  Appellant yelled at Gudger to stop and began chasing him while simultaneously retrieving his own SIG 9mm handgun from his waistband and putting a bullet in the chamber.[2] When Gudger did not stop, Appellant fired multiple rounds, two of which struck Gudger, one in the back and one in the elbow.  An autopsy revealed the cause of death was a gunshot wound to the torso.

Appellant remained at the scene and, after first calling his mother, called 9-1-1.  After police arrived at the scene, they took Appellant to police headquarters where he was interviewed and gave consent for police to look at his cell phone.

---

[2] Appellant, who was 23 years old at the time, had no criminal record.  He did have a permit for his gun.

Appellant was arrested and charged with criminal homicide. As noted above, he subsequently entered into an open plea to voluntary manslaughter—unreasonable belief.

At the conclusion of Appellant's March 28, 2022 guilty plea hearing, the trial court ordered a pre-sentence investigation report ("PSI"). Following a sentencing hearing conducted on July 19, 2022, the trial court imposed a standard-range sentence of six to 15 years in prison. Appellant filed a motion for reconsideration, which the court denied after a November 7, 2022 hearing. This timely appealed followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

The **Anders** brief sets forth two issues:

A. Whether the lower court abused its discretion by imposing a sentence which was manifestly unreasonable based upon the factors reviewed by the court and that the court failed to properly and fully consider all mitigating evidence and reports consistent with the application of the requirements of the Sentencing Code?

B. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the **Anders** case?

**Anders** Brief at 5.

In his first issue, Appellant challenges the discretionary aspects of his sentence. However, before we may consider the merits of Appellant's claim, we must address the adequacy of counsel's compliance with **Anders** and **Santiago**. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super.

- 3 -

2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

As this Court directed in *Commonwealth v. Orellana*, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa.704, 936 A.2d 40 (2007).

*Id.* at 879-80.

Counsel's brief provides a summary of the procedural history of the case, as directed in the first requirement set forth in *Santiago* and quoted in

***Orellana***, but lacks the requisite citations to the record. We are willing to overlook the omission in this case, rather than remand, in light of the relatively small record and the fact that the key parts of the record here are the transcripts of the guilty plea, sentencing, and reconsideration hearings, none of which is voluminous. The brief does satisfy the remaining three ***Santiago*** requirements, referring to the discretionary aspects of sentence issue, setting forth counsel's conclusion that the appeal is frivolous, and explaining why the appeal is frivolous.

As this Court indicated in ***Orellana***, counsel must provide a copy of the ***Anders*** brief to his client, as well as a letter advising the client of his rights. Here, the certificate of service accompanying counsel's petition to withdraw reflects that the petition was served on Appellant. Both the petition and the letter outlining Appellant's rights indicate that a copy of the ***Anders*** brief was "served" on Appellant. In his letter, counsel advised Appellant of his right to retain new counsel, proceed *pro se*, and to take any other actions and submit other materials to this Court. Letter to Appellant, 4/24/23.[3] Appellant has

_____

[3] Although counsel apprised Appellant of his rights, we are compelled to note that counsel suggested to Appellant that, in addition to proceeding *pro se* or through other counsel, he could "request the appointment of counsel from the Superior Court should you feel that there are reasons for the same." Letter to Appellant, 4/24/23, at 2 (unnumbered). ***See also*** Petition to Withdraw as Counsel, 4/24/23, at ¶ 6. Although there is no basis or authority for suggesting Appellant was entitled to appointment of new or "alternative" counsel, we do not find these misstatements fatal here in light of the fact that Appellant did not request appointment of counsel from this Court. However, we caution counsel to refrain from suggesting this option in the future.

- 5 -

not filed any further documents with this Court, either *pro se* or through newly-retained counsel.

Because counsel has substantially complied with the requirements set forth in **Orellana**, we shall proceed to examine the issue counsel identified in the **Anders** brief followed by "a full examination of the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). "If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). If there are non-frivolous issues, we will deny counsel's petition to withdraw and direct counsel to file an advocate's brief. **Id.** (citation omitted).

By arguing that the trial court imposed a manifestly excessive sentence, Appellant is challenging the discretionary aspects of his sentence. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (quoting **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014)). As this Court reiterated in **Zirkle**,

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the

> sentence appealed from is not appropriate under the Sentencing Code.

*Zirkle*, 107 A.3d at 132 (quoting *Buterbaugh*, 91 A.3d at 1265-66) (in turn quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal and preserved the issue in his motion to reconsider. His brief includes a statement entitled "Substantial Question as to the Discretionary Aspect of Sentencing." *Anders* Brief at 8. Therefore, his brief does not have a fatal defect. Consequently, we must determine whether Appellant has presented a substantial question for our review.

Appellant suggests that the trial court "overemphasize[d] the severity of the offense" and "failed to fully and adequately give any meaningful consideration to relevant facts" set forth in 42 Pa.C.S.A. § 9721(b). *Anders* Brief at 8. "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question[.]" *Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (quoting *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (internal citations omitted)). "Moreover, a claim that 'the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 Pa.C.S.A. § 9721(b) requires[,]' presents a substantial question for our review." *Id.* (quoting *Commonwealth*

*v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012)). Because Appellant has presented a substantial question, we shall consider Appellant's issue.

In **Commonwealth v. Brown**, 249 A.3d 1206 (Pa. Super. 2021), we reiterated:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Id.* at 1211 (quoting **Commonwealth v. Malovich**, 903 A.2d 1247, 1252–53 (Pa. Super. 2006) (citations omitted)). When considering whether a sentence is manifestly excessive, "the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." **Commonwealth v. Mouzon**, 828 A.2d 1126, 1128 (Pa. Super. 2003).

We first note, and the Commonwealth recognized, that the trial court had the benefit of a PSI. "[W]here the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth Brief at 14 (quoting **Commonwealth v. Burns**, 765 A.2d 1144, 1151 (Pa. Super. 2000) (citation omitted)). Moreover, Appellant does not dispute that his sentence was within

the standard range. **Anders** Brief at 7. When a sentence is within the guidelines, we may reverse "only if application of the guidelines is clearly unreasonable." **Macias**, 968 A.2d at 777. Further, as the trial court indicated, if Appellant's sentence had been based solely on the seriousness of the crime, Appellant "would have received not less than ten (10) years nor more than twenty (20) years imprisonment." Trial Court Opinion, 1/9/23, at 8.

As counsel observed, not only did the trial court have the benefit of the PSI and additional submissions presented on Appellant's behalf, but also,

> [t]he court put on a full record of its reasons for the sentence and his comments about the various issues, both mitigating and aggravating, were consistent with a reasoned review of all those factors and issues. This is amplified by the fact that the defense was, in essence, given a second chance to present its strongest mitigation through the entry of Dr. Dattilio['s] report and his testimony.[4] It would therefore appear from the record that the Sentencing Court fully reviewed the applicable factors as is set forth in the Sentencing Code at Title 42 § 9721(b).

**Anders** Brief at 12.

We agree. The record reflects that the trial court considered the PSI, the sentencing factors in Section 9721(b), and the testimony presented at Appellant's hearings. Finding no abuse of discretion in the court's imposition of a sentence of six to 15 years in prison, we shall not disturb it.

---

[4] Dr. Dattilio testified as a defense witness at the hearing on Appellant's motion for reconsideration of sentence. Dr. Dattilio, a clinical and forensic psychologist, conducted an examination and evaluation of Appellant during two visits in April of 2022, in advance of sentencing. N.T., Reconsideration, 11/7/22, at 14-29.

Finally, we are cognizant that "part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Yorgey**, 188 A.3d at 1197 (quotation omitted). As this Court recognized in **Yorgey**, "[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." **Id.**

Having reviewed the record, we conclude there are no issues of arguable merit that have been missed or misstated. Therefore, we shall grant counsel's request to withdraw.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023